IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

JESSICA STUART                                                             PLAINTIFF

VS.                                                     CAUSE NO. 1:15cv130-SA-DAS

SHERIFF RANDY TOLAR in his official capacity as SHERIFF OF
PRENTISS COUNTY, MISSISSIPPI, a political subdivision of
PRENTISS COUNTY, MISSISSIPPI and as supervisor of
JOHN DOE JAILER;

PRENTISS COUNTY, MISSISSIPPI,
a political subdivision of the STATE OF MISSISSIPPI;

and JOHN DOES 1-10                                        DEFENDANTS

___

**COMPLAINT**
(JURY TRIAL DEMANDED)

___

**COMES NOW**, the Plaintiff, Jessica Stuart and files this, her Complaint against the Defendants, and would show unto the Court the following in support thereof:

### I. PARTIES

1.

Plaintiff, Jessica Stuart is an adult resident citizen of the State of Mississippi.

2.

Defendant, Randy Tolar is a party to this suit in his official capacity as Sheriff of Prentiss County, Mississippi, a political subdivision of Prentiss County, Mississippi, and as supervisor of John Doe Jailer and may be served with process at his place of employment located at 1901-B East Chambers, Booneville, Mississippi 38829.

3.

Defendant Prentiss County, Mississippi, is a political subdivision of the State of Mississippi and may be served with process through its agent for process, Bubba Pounds, at 100 North Main Street, Booneville, Mississippi 38829.

4.

Defendants John Does 1-10 are other persons or entities who engaged in the tortuous conduct which is made the basis of the complaint and whose names and/or identities are yet unknown to the Plaintiffs. Specifically, John Doe Jailer, is the employee of the Prentiss County Sheriff's Department who fired his taser into the back of Jessica Stuart on May 8-9, 2015.

## II. JURISDICTION AND VENUE

5.

This Court has jurisdiction of the case under 28 U.S.C. § 1331, federal question jurisdiction arising out of 42 U.S.C § 1983. This Court has jurisdiction over all non-federal question claims pursuant to 28 U.S.C. § 1367 as the other claims bear such close relation to the claims in the action within the original jurisdiction of this Court that it would have supplemental jurisdiction.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) & (c), the general venue statute.  The Defendants are a corporation, persons, foundations or other entities subject to personal jurisdiction doing business within this district and/or a substantial part of the events or omissions that give rise to the claims occurred in this district.  The Defendants are subject to personal jurisdiction here at the time the action is commenced.

This Court's contacts with the parties are sufficient to exercise *in personam* jurisdiction over all Defendants.

### III. FACTUAL BACKGROUND

7.

On the evening of May 8, or early morning of May 9, 2015, Jessica Stuart was being held while awaiting bond for a misdemeanor charge at the Prentiss County Jail, also known as the Prentiss County Sheriff's Department.

8.

On the evening of May 8, or early morning of May 9, 2015, the Prentiss County Jail, under the direct order of Sheriff Randy Tolar, had in place a policy to use a taser on all persons they deemed "combative or resistant." This policy was attached to the door of the jail and read:

**WARNING**

**50,000 Volts**
Be advised that the
**ADVANCED TASER M26/X26**
may be used on persons
displaying
**COMBATIVE**
or **RESISTANT**
Behavior in the Prentiss County
Jail

CONSIDER YOURSELF WARNED !!!

9.

While in the jail on May 8-9, Jessica was using the telephone to call her sister. She then got off of the phone to return to her cell.

10.

While walking into her cell, she asked a jailer for a blanket to sleep under at the cold jail. He told her that he would get one for her shortly.

11.

Jessica then walked into her cell, and bumped the cell door with her hand.

12.

The jailer then pulled out his Advanced Taser M26/X26 and shot her in the back, when she was already well within her cell and standing with her back to him.

13.

Jessica lost control of her body as a result of the electrical current emanating from the taser.

14.

She fell head first into the back wall of the cell, striking her head on the concrete wall. Her right arm struck the metal bed in the cell, causing her to sustain a large laceration to her right forearm and resulting in heavy bleeding.

15.

The jailer then told her "the next time I tell you to do something, you better listen."

16.

Jessica was then transported to Baptist Memorial Hospital in Booneville, where she was examined for head and neck injuries and had approximately 25 stitches placed in her right forearm.

17.

After being released from jail, Jessica returned to the hospital for follow up treatment due to infection, swelling and drainage.

18.

The shooting of Jessica with the taser while she was in her cell with her back turned, was an excessive and unnecessary use of lethal force in conscious disregard of substantial risk of harm to Jessica Stuart.

19.

On May 8-9, 2015, Sheriff Randy Tolar was the supervisor of John Doe Jailer.

20.

Tolar failed to properly train John Doe Jailer, failed to properly supervise him, failed to enact proper police procedure regarding the use of force and the use of lethal force, negligently hired him and negligently retained him.

21.

The injuries sustained by Jessica Stuart were the result of deficient training and supervision and unconstitutional policies, practices and customs by Sheriff Tolar and Prentiss County, Mississippi, regarding the use of force and lethal force.

IV. CAUSES OF ACTION

A.  EXCESSIVE FORCE

22.

The allegations of paragraphs 1 through 21 are repeated and incorporated in this Count as though fully copied therein.

23.

The Defendants' actions as stated above deprived Plaintiff of her due process rights, privileges and immunities guaranteed by the Fourteenth Amendment of the United States Constitution, giving rise to a cause of action pursuant to 42 U.S.C. § 1983 and remedies pursuant to 42 U.S.C. § 1988.

24.

The acts and/or omissions by each of the Defendants, as set forth above, constitute excessive force under Section 1983. Defendants' actions toward Plaintiff caused more than a *de minimi*s injury, which resulted directly and only from the use of force that was excessive to the need, and the force was objectively unreasonable pursuant to Kingsley v. Hendrickson, 576 U.S. ___, 135 S.Ct. 2466 (2015). Defendants' force used against Plaintiff was malicious and sadistic, designed for the purpose of causing harm and injury and in conscious disregard of substantial risk of harm.

25.

Defendants used their authority to create a dangerous environment for Plaintiff and, in doing so, Defendants acted with deliberate indifference to the plight of the Plaintiff. Defendants had an affirmative duty of care and protection due to the fact that they were acting through the state in their exercise of powers to restrain Plaintiff's freedom to act on her own behalf. Plaintiff had a substantive due process right to be free from state-occasioned bodily harm as inflicted by Defendants.

26.

Defendants denied Plaintiff her substantive due process rights by acting with deliberate indifference to her rights and safety at a time when they knew, or should have known, that their actions would result in serious bodily harm to Plaintiff.

### B. UNCONSTITUTIONAL PRACTICES – DE FACTO POLICY

27.

The allegations of paragraphs 1 through 26 are repeated and incorporated in this Count as though fully copied therein.

28.

The Defendants' acts and/or omissions were the direct and proximate result of the customs, practices, and/or de facto policies of Randy Tolar and Prentiss County, Mississippi.

29.

These customs, practices and de facto policies include an ongoing pattern of deliberate indifference to the excessive use of force and deadly force.

30.

Randy Tolar and Prentiss County, Mississippi exercised an indifference to widespread incompetence and misbehavior which is reckless, grossly negligent and rises to a level greater than a failure to train.

### C. SUPERVISOR LIABILITY

31.

The allegations of paragraphs 1 through 30 are repeated and incorporated in this Count as though fully copied therein.

32.

The Defendants' acts and/or omissions were encouraged, ratified and approved by Randy Tolar and Prentiss County, Mississippi, who failed to properly train and supervise the Defendants.

33.

Defendants Randy Tolar and Prentiss County, Mississippi, failed to provide adequate training and supervision to its officers in circumstances arising in the course of responding to reports of alleged disturbances as occurred at the time of the incident which caused the Plaintiff's injuries.

34.

Randy Tolar and Prentiss County, Mississippi knew the Defendant's conduct was unjustified and would result in violations of constitutional rights.

35.

Said customs, policies and/or practices were a direct and proximate cause of the Plaintiffs' injuries.

## V. DAMAGES

36.

As a result of the aforementioned acts and/or omissions, Defendants are liable for all elements of damages arising from injuries to Jessica Stuart, including:

a. nominal damages;

b. compensatory damages;

c. punitive damages;

d. statutory damages pursuant to 42 U.S.C. § 1983;

e. attorneys' fees pursuant to 42 U.S.C. § 1988; and

f. other damages to be shown during discovery and at trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment from the Defendants which includes all compensatory damages in an amount to be determined by the Court as fair and reasonable to compensate the Plaintiff for the injuries under the circumstances, nominal damages, punitive damages, plus all costs of this litigation, post judgment interest and such other relief as may be appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this the 27th day of July, 2015.

                                By: /s/ Justin S. Cluck
                                    JUSTIN S. CLUCK, MSB#100733
                                    Attorneys for the Plaintiff

SMITH WHALEY, P.L.L.C.
P.O. DRAWER 849
HOLLY SPRINGS, MISSISSIPPI 38635
(662) 252-3003 telephone
(662) 252-3006 facsimile